No. 26,613.

SAM J. PARR, *Appellee*, v. R. C. YOUNG, *Appellant*.

SYLLABUS BY THE COURT.

PHYSICIANS AND SURGEONS—*Malpractice — Contributory Negligence — Special Findings—Verdict*. Assignments of error in a malpractice case, relating to sufficiency and propriety of a special finding and temper of the jury in stating it, refusal of the court to entertain a request for a special finding, contributory negligence, and amount of verdict, considered and held to be without merit.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 8, 1926. Affirmed.

*J. E. Torrance* and *O. W. Torrance,* both of Winfield, for the appellant. *Silas W. Porter,* of Topeka, of counsel.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.:   The action was one for damages for malpractice. Plaintiff recovered, and defendant appeals.

On February 12, 1923, plaintiff was injured while cranking the engine of his truck. The wrist joint was dislocated by throwing the ulna upward and forward through the skin toward the palm of the hand, and the radius was broken. The injury was treated by defendant. About the middle of March the splint and bandages were removed. The swelling had not left the arm, the end of the ulna was not in place, and the radius was crooked. Plaintiff told defendant his arm was not straight, but defendant said he should go ahead and use it and it would probably come out all right. The arm had been set with the palm of the hand up, plaintiff could not rotate his forearm, it ached and throbbed all the time, and in the latter part of April defendant said it would be necessary to break the arm again in order to straighten it. On May 1 plaintiff went to the hospital, was given an anæsthetic, and defendant broke his arm. About three weeks later the splint and bandages were removed. The arm was swollen, the end of the ulna could be seen sticking up, and the arm was so sore plaintiff could do nothing with it. Defendant said it was coming all right, and plaintiff should go

Physicians and Surgeons, 30 Cyc. pp. 1587 n. 78, 1590 n. 3.  Trial, 38 Cyc. pp. 1915 n. 50, 1921 n. 33, 1925 n. 72.

ahead and use it. A few days later plaintiff called defendant's attention to the fact that his arm was crooked, and defendant said, go ahead and use it, it would come out all right, it would get stronger and come out all right. Plaintiff worked his fingers and tried to use his arm and fingers, but on June 11 he complained to defendant that his wrist was out of joint and his arm was crooked. Defendant said to let it go for five or six months, and he would break it again. After defendant had broken the arm in order to straighten it, it was worse than before, and plaintiff did not take defendant's latest advice. Plaintiff consulted another surgeon, and an X-ray examination revealed the condition shown by the accompanying cut (page 49).

The jury returned the following special findings of fact:

"1. Did the defendant exercise reasonable and ordinary care and diligence in the exercise of his duties as surgeon and physician in the care and treatment which he rendered to the plaintiff. A. No.

"2. If you answer the foregoing question in the negative, specify the particulars wherein the defendant failed to exercise such care and diligence. A. According to the evidence as well as the result obtained, the plaintiff did not receive the care and attention due him."

Defendant moved the court to require the jury to return a more specific answer to the second question. The jury retired for that purpose, under a proper instruction, and in due time returned the following addition to the first answer:

"Also due to improper adjustment of splint and general indifference shown by the defendant in postponing indefinitely after the last adjustment when his attention was called to the abnormal condition of the plaintiff's arm."

Defendant moved to strike out the answer to the second question, on the ground it did not comply with the requirement of the question. The motion was denied, and defendant assigns as error the ruling on the motion. The completed answer fully met the requirement of the question. Plaintiff has been deprived in large degree of the use of an arm through improper splinting, a particular wherein defendant failed to exercise ordinary care and diligence, pleaded in the petition and proved by expert surgical testimony at the trial.

When the jury came in the first time, defendant requested that, if the jury found any act of negligence, it be required to state when the act occurred, whether before or after the bones were reset. The requested additional finding was not stated in writing as the code requires (R. S. 60-2918). It was entirely within the discretion of

the court whether it would entertain the request after the trial was virtually concluded, and the request was properly denied.

The court instructed the jury that the fact plaintiff did not get as good results as he expected or hoped for was not of itself evidence that defendant was negligent, but was only a circumstance to be considered with all the evidence in the case. Defendant says the answer first returned to the second question shows the jury deliberately disregarded the instruction, and because the jury disregarded the instruction, it was actuated by passion and prejudice. The jury disregarded the instruction to this extent only: It did not consider what plaintiff expected or hoped. It dealt entirely with factual matters, the evidence and visible results, and upon those facts reached the conclusion plaintiff did not receive due care and attention—an inevitable conclusion, temperately expressed.

Defendant pleaded that plaintiff was guilty of contributory negligence. The court instructed the jury it was plaintiff's duty to follow such reasonable directions and advice as defendant gave him, and to exercise ordinary prudence in the care and use of his arm. Defendant contends plaintiff was guilty of contributory negligence because he did not wait six months and then return to have his arm broken. Plaintiff went to defendant to have his broken bone and dislocated joint treated, and defendant failed to obtain proper results. Plaintiff followed defendant's advice, and tried to use his arm. Further following defendant's advice, plaintiff returned to have his arm rebroken and reset. Defendant failed again. Plaintiff followed defendant's advice, and tried to use his arm, but could do little with it. Then defendant advised him to wait six months, and at the end of that period come back and have defendant do what the crank of the engine had done in the beginning, break plaintiff's arm. The question is whether plaintiff was guilty of negligence in keeping away from defendant. The jury and the district court thought he was not, and this court is in full accord..

The court instructed the jury that, if plaintiff's arm could have been benefited by further operation, and he intentionally deferred further treatment or operation until after his lawsuit with defendant was tried, he could not recover for such permanent injury as the proof showed might have been corrected. There is no evidence in defendant's abstract or supplemental abstract showing the extent to which the condition of plaintiff's arm may now be remedied, or the cost to plaintiff in money, time, system shock and physical pain of

another operation, by a competent surgeon. The jury found from the evidence that plaintiff was entitled to compensation for his injuries in the sum of $5,000. The jury could not, and this court cannot, reduce the amount without data upon which to base the reduction. The court is unable to declare from the evidence that the verdict was excessive in amount.

The judgment of the district court is affirmed.